UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:16cv20350

PIERRE P. MESIDOR,

    Plaintiff,

vs.

MC KITCHEN, LLC and DENNA MARINO,
    Defendants.
_____/

## COMPLAINT FOR DAMAGES UNDER THE FAIR LABOR STANDARDS ACT
### (OPT-IN PURSUANT TO 29 U.S.C. §216(b))

COMES NOW the Plaintiff PIERRE MESIDOR, by and through the undersigned counsel, and hereby sues Defendants MC KITCHEN, LLC and DENNA MARINO, individually, and alleges:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff PIERRE MESIDOR (hereinafter MESIDOR) is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant MC KITCHEN, LLC (hereinafter MC) is a Florida limited liability

corporation, having its principal place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all material times was and is engaged in interstate commerce.

4. The individual Defendant DENNA MARINO (hereinafter MARINO) was and is now a manager of Defendant MC KITCHEN, LLC's restaurant, making her Plaintiff's employer within the meaning of §203(d) of the Act and, thus, jointly liable for Plaintiff's damages.

## GENERAL ALLEGATIONS

5. Defendant is a restaurant located at 4141 NE 2nd Ave #101a, Miami, FL 33137.
6. Defendants employed Plaintiff as a dishwasher and a busboy.
7. Defendants employed Plaintiff from on or about November 1, 2012 through July 19, 2015. Plaintiff's relevant weeks of employment are 147.
8. Plaintiff was a non-exempt hourly paid employee that was entitled to the payment of overtime hours at the rate of time and a half his regular rate. However, Plaintiff worked in excess of 40 hours in a week without receiving proper overtime compensation.
9. Defendants' failure to pay Plaintiff overtime wages is contrary to the provisions of §207(a)(1) of the Act.
10. Defendants' failure to pay was a willful violation of the Act.
11. During his times of employment, Plaintiff was paid both by check and cash. For the cash work, Defendants never provided Plaintiff with paystubs detailing hours worked, wage rate, or employment taxes withheld.
12. Plaintiff seeks to recover any unpaid overtime hour at the rate of time and one half of his regular rate and other relief as allowable by law.

## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 above as if fully set forth herein.

14. This action is brought by Plaintiff to recover from the Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et seq., and specifically under the provisions of 29 U.S.C. §207(a)(1), which provides: "[N]o employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

15. Defendant, MC was engaged in interstate commerce as defined in 29 U.S.C. §203(r) and §203(s)(1)(A). Defendant is a restaurant that has more than two employees recurrently engaged in commerce or in the production of goods for commerce by ordering food products, equipment, and supplies produced or originated out of state. Upon information and belief, the annual gross revenue of Defendant MC was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant MC's business activities involve those which the Fair Labor Standards Act applies. Therefore, this is enterprise coverage.

16. Plaintiff was employed by an enterprise engaged in interstate commerce and through his daily activities, Plaintiff regularly handled and worked on goods and materials that were moved across state lines at any time in the course of business. Therefore, this is individual coverage.

17. Defendants employed Plaintiff as a dishwasher and a busboy from on or about November 1, 2012 through July 19, 2015. Plaintiff's relevant weeks of employment are 147.

18. Plaintiff's regular rate of pay was $10.00/hr. Plaintiff's overtime rate should be $15.00.

19. During his employment with Defendant, Plaintiff worked an average of 25 hours in a week without receiving overtime compensation at the rate of time and one half his regular rate for every hour he worked in excess of 40 in a workweek.

20. Plaintiff usually worked 5-6 days a week.

21. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to him should be in the custody and possession of Defendants.

22. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

   a. <u>Total amount of alleged overtime wages due</u>:

   Eighteen Thousand Three Hundred Seventy Five Dollars ($18,375.00)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 147 weeks
   Relevant time of employment: 147 weeks
   Total hours worked weekly: 65 hours
   Total overtime hours worked weekly: 25 hours
   Regular Rate: $10/hr x 1.5 = $15 O/T rate

   $5.00 O/T differential/hr x 25 O/T hours weekly = $125.00 x 147 weeks = $18,375.00.

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

   This amount represents the unpaid overtime.

23. At all times material hereto, Defendants failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants

to properly pay him at the rate of time and one half for all hours worked in excess of forty (40) hours per workweek as provided in the Act.

24. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of his employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

25. At the time mentioned, the Defendant MARINO was and is now, the manager of Defendant MC. Defendant, MARINO was Plaintiff's employer within the meaning of 29 U.S.C. §203(d), in that she acted directly in the interests of Defendant MC in relation to its employees, including Plaintiff. Defendant MARINO had full operational control of the business, provided Plaintiff with his work schedules, and requested him to work overtime hours, and is jointly liable for Plaintiff's damages.

26. Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, MC as set forth above.

27. Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MESIDOR respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly-situated and against Defendants (all) on the basis of Defendants' willful violations of the Fair Labor Standards Act; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY TRIAL REQUEST</u>

Plaintiff demands trial by jury for his overtime claims.

Dated: January 29, 2016

                                              **JEFFREY P. GALE, P.A.**
                                              Attorney for Plaintiff
                                              9999 N.E. 2nd Avenue, Suite 304
                                              Miami Shores, Florida 33138
                                              Tel: (305) 758-4900
                                              Fax: (305) 758-4949
                                              Primary Email: jeffgalelaw@bellsouth.net
                                              Secondary Email: kellyegale@yahoo.com

By: _____
      JEFFREY P. GALE, P.A.
      Fla. Bar No. 0471992